**Affirmed as Modified and Opinion Filed July 27, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**Nos. 05-17-01042-CR**

**05-17-01043-CR**

**05-17-01044-CR**

**JAIME ANTONIO ALVARENGA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1126734-V, F-1126736-V, F-1127639-V**

## MEMORANDUM OPINION NUNC PRO TUNC[1]

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

Appellant Jaime Antonio Alvarenga pleaded guilty to three separate offenses involving the same victim: (1) indecency with child by contact (trial court cause no. F-1126734-V); (2) aggravated sexual assault (trial court cause no. F-1126736-V); and (3) indecency with a child by contact (trial court cause no. F-1127639-V). The trial court sentenced him to five years' imprisonment for the indecency by contact offenses and to fifteen years' imprisonment for the aggravated sexual assault offense.

On appeal, he argues the judgments incorrectly reflect defense counsel's name and the judgment in cause no. F-1126736-V incorrectly reflects the degree of the offense. The State agrees

---

[1] This memorandum opinion nunc pro tunc corrects an error in the original opinion with respect to the designation of trial cause number F-1127639-V. The original memorandum opinion incorrectly stated F-11267639-V.

with appellant and further raises a cross-point that the judgments should be further reformed to delete reference to a plea bargain. As modified, we affirm the trial court's judgments.

Because the underlying facts are known to the parties and not necessary for disposition of the appeal, we issue this memorandum opinion. TEX. R. APP. P. 47.1.

The trial court's judgments in each case incorrectly identify appellant's defense counsel as "Phillip Mayes." The record establishes "Phillip Hayes" represented appellant in the proceedings. We are authorized to reform the judgment to make it "speak the truth" when we have the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). This includes the correction of counsel's name. *See Hooks v. State*, No. 05-15-00186-CR, 2016 WL 3541542, at *3 (Tex. App.—Dallas June 21, 2016, no pet.) (mem. op., not designated for publication). Accordingly, we sustain appellant's first issue and reform the judgments to reflect the correct name of defense counsel.

In his second issue, appellant asks the Court to modify the trial court's judgment in cause no. F-1126736-V to reflect that he was convicted of a second-degree felony, not a first-degree felony. The State originally indicted appellant for aggravated sexual assault of a child, who at the time of the offense "was younger than 14 years of age." The State subsequently abandoned the language that the child was under fourteen. The State's abandonment of this allegation reduced the charged offense from a first-degree to a second-degree felony offense. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(C), (c), (f) (West Supp. 2017). The record contains the necessary information for the Court to modify the judgment. *See* TEX. R. APP. P. 43.2(b); *Asberry*, 813 S.W.2d at 529; *see also Stacks v. State*, No. 06-08-00157-CR, 2009 WL 78141, at *2 (Tex. App.—Texarkana Jan. 14, 2009, no pet.) (mem. op., not designated for publication) (modifying judgment to correct degree of offense).

The State further asserts this judgment should be modified to reflect appellant was convicted of a lesser-included offense, rather than "aggravated sexual contact-child-under <14." The record however, is less clear as to whether appellant was convicted of the lesser-included offense of sexual assault of a child or sexual assault, both of which are second-degree felonies. *See* TEX. PENAL CODE ANN. § 21.011(a)(1)(C), (a)(2)(C), (c).

Although the State filed a motion to strike abandoning the element of the offense that complainant was under the age of fourteen, it did not abandon the allegation that complainant was a child. Appellant judicially confessed in writing to committing the offense against a child.[2]

At the punishment hearing, an investigating officer testified that the victim was fifteen-years-old. Another officer testified the indecency of a child by contact occurred when the victim was under seventeen. In closing argument, defense counsel stated complainant was "a boy who is underage . . . who was 14 or 15 when this was going on." The State repeatedly referred to complainant as "a child" during closing argument. As such, the record does not indicate appellant, the State, or the trial court disputed complainant was a child.

To the extent the plea agreement identified the offense as sexual assault and the trial court referred to the offense as sexual assault during the plea hearing, the reference appears to be inadvertent. Accordingly, our review of the record indicates we have the necessary information to modify the judgment in cause no. F-1126736-V to reflect that appellant was convicted of the lesser-included offense of "sexual assault child" and to modify the degree of the offense to a second-degree felony. *See* TEX. R. APP. P. 43.2(b); *Asberry*, 813 S.W.2d at 529. We sustain appellant's second issue.

---

[2] The Judicial Confession states the following in relevant part:

On the 1st day of February A.D., 2010, in Dallas County, Texas, I did unlawfully, then and there intentionally and knowingly cause the sexual organ of [complainant], a child, who was not then the spouse of defendant, to contact and penetrate the anus of said defendant, and, at the time of the offense, the child was younger than 14 years of age.

In a cross-point, the State argues the judgments should be modified to delete reference to a plea bargain.  We sustain the State's cross-point, in part, and modify cause nos. F-1126734-V and F-1126736-V to delete sentencing in accordance with a plea agreement and instead reflect an "open plea."  *See* TEX. R. APP. P. 43.2(b); *Asberry*, 813 S.W.2d at 529.  Although the State argues all three judgments should be modified, our review of the record indicates cause no. F-1127639- V correctly reflects "OPEN PLEA."  We overrule the State's request to modify this judgment.

As modified, we affirm the trial court's judgments.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
171042F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT NUNC PRO TUNC

JAIME ANTONIO ALVARENGA,
Appellant

No. 05-17-01044-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1127639-V.
Opinion delivered by Justice Bridges.
Justices Brown and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect the following:

Phillip Hayes was the attorney for defendant.

As modified, the judgment is **AFFIRMED**.

Judgment entered July 27, 2018.